IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Joe Stokes, | ) | C/A No.: 1:11-2671-JFA-SVH |
|     Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections, | ) ) ) | |
|     Defendant. | ) ) ) | |

  Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Kershaw Correctional Institution and brings this action alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

  Plaintiff sues the SCDOC for its alleged refusal to provide adequate dental care. He seeks a court order requiring the SCDOC to pull Plaintiff's remaining bottom teeth, to make a full bottom plate, to pull Plaintiff's top-front tooth, and to remake the top-partial plate. Compl. at 5 [Entry #1]. Plaintiff attached exhibits to his complaint containing various correspondence relating to his requests for dentures. [Entry #1-1]  One of the exhibits, a letter from Director Ozmint to Plaintiff on December 21, 2010, indicates that

Plaintiff was issued a set of dentures in April 2009. *Id*. at 8. Plaintiff's subsequent loss of a front tooth resulted in his request for a full-mouth extraction. *Id*. Director Ozmint's letter indicates that Plaintiff's request for a full-mouth extraction was "cosmetic in nature" and would not be granted. *Id*. A second exhibit, a letter from Director of Dental Services William Akerman to Plaintiff on February 22, 2011, also indicated that Plaintiff signed a statement acknowledging that he would not qualify for replacement dentures, regardless of the problem, for five years. *Id*. at 9.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

2

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

The SCDOC is an agency of the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1] *See Alden v. Maine*, 527 U.S. 706, 713 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996) (Eleventh

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

3

Amendment prohibits Congress from making the State of Florida capable of being sued in federal court).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the state has waived its immunity[2] or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Congress did not include any language in the Civil Rights Act of 1871 that overrides the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. § 1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). The SCDOC is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808–809 (D.S.C. 1978).

---

[2] The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e)(1976), which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

Although Plaintiff does not expressly seek monetary damages from the SCDOC, he is seeking a court order requiring it to pay for Plaintiff's requested dentures. Because Plaintiff is seeking a court order directing the payment of money from the SCDOC for dentures, the Eleventh Amendment is applicable. *Cook v. Metts*, C/A No. 6:11-0458-TLW-KFM, 2011 WL 1938251 (D.S.C. April 8, 2011) ("Plaintiff does not have a right to direct a state official on how state funds are spent."), *adopted* 2011 WL 1938242 (D.S.C. May 20, 2011). Therefore, because the SCDOC is entitled to immunity pursuant to the Eleventh Amendment, it is recommended this matter be summarily dismissed.

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

January 4, 2012                                         Shiva V. Hodges
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>    **Larry W. Propes, Clerk of Court**
>    **United States District Court**
>    **901 Richland Street**
>    **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).