IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Joe Stokes, | ) | C/A No. 1:11-2671-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The *pro se* plaintiff, Billy Joe Stokes, brings this action pursuant to 42 U.S.C. § 1983 claiming various constitutional violations by the South Carolina Department of Corrections (SCDC). Specifically, he contends that SCDC has refused to provide adequate dental care. He seeks a court order requiring SCDC to pay for the dentures he requests.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this matter should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

Specifically, the Magistrate Judge opines that because SCDC is an agency of the State of South Carolina, the Eleventh Amendment bars such suit unless the state has waived its immunity, which in this case, it has not. In other words, SCDC is immune from suit under

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

the Eleventh Amendment.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 4, 2012. In his timely objections, the plaintiff contends that the statement he may have signed at SCDC which acknowledged his disqualification for replacement dentures for five years, was signed under duress or possibly while under the influence of sedation. He then asks to the see "this 11th Amendment document." The court finds that his objections are unspecific, not relevant, and unpersuasive. Thus, the objections are overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference.

Accordingly, this action is dismissed with prejudice.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

March 6, 2012
Columbia, South Carolina