IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Joe Stokes, | ) | C/A No. 1:11-2671-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The *pro se* plaintiff, Billy Joe Stokes, brought an action pursuant to 42 U.S.C. § 1983 alleging various constitutional violations by the South Carolina Department of Corrections (SCDC) related to adequate dental care.

The Magistrate Judge prepared a Report and Recommendation which this court adopted in full. The court conducted a *de novo* review of the petitioner's objections, found them to be without merit, and dismissed the action on March 6, 2012.

Now before the court are plaintiff's "objections" to the court's final order. As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the court will treat this motion as a Rule 59 Motion to Alter or Amend the Judgment.

The plaintiff argues that he has now obtained a copy of the Eleventh Amendment to the United States Constitution. He asks the court to explain the applicability of the Amendment to his suit against the SCDC wherein he contends that his Eighth Amendment rights have been violated. Alternatively, plaintiff asks this court to set aside the order of

1

dismissal and let him proceed with his lawsuit.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

In the view of this court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this court — the motion is basically an attempt to reargue issues already fully briefed and decided by this court. The court understands that the plaintiff may disagree with this court's ruling. Nevertheless, an appeal to the Fourth Circuit after entry of judgment is the proper method for seeking review of the aggrieving ruling.

For the above reasons, the motion to reconsider (ECF No. 23) is denied.

IT IS SO ORDERED.

March 29, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge